IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SHEILA BOGGESS                                                      PLAINTIFF

      v.             Civil No. 06-3051

GANNETT CORPORATION and
THE BAXTER BULLETIN, INC.                                           DEFENDANTS

O R D E R

Now on this 18th day of December, 2006, comes on for consideration **Defendants' Motion To Compel** (document #9), and from said motion, and the response thereto, the Court finds and orders as follows:

1. This discovery dispute arises in the context of an employment discrimination case. Plaintiff asserts claims of discrimination on the basis of disability, age, and retaliation for opposing disability and age discrimination, leading to her termination.

During discovery, defendants by Interrogatory requested that plaintiff provide the name of every bank where she has maintained an account since 2002, along with the location of the branch where the account was opened, the date the account was opened, and the account number. By Request for Production of Documents, they sought a release whereby they could obtain plaintiff's financial and banking information directly from the banks.

Plaintiff objected that her banking information was irrelevant and was sought only for harassment purposes.

2. Defendants now move to compel plaintiff to provide the requested information. They argue that the banking records "likely contain information regarding her income, which is relevant to the calculation of plaintiff's damages, if any, and to plaintiff's mitigation of damages, if any." They also contend that plaintiff "placed her financial condition in issue" and that it is relevant "to her motivation for filing suit and to her credibility as a witness."

3. Plaintiff responds that she has produced her income tax records, social security earnings information, and medical history, from which any information relevant to determining her "before and after" income can be computed, and any information about mental anguish can be gleaned. She points out that her banking records do not particularly bear on the topics in question, and also that they contain her husband's banking information.

4. **F.R.C.P. 26(b)(1)** provides, in relevant part, that a party

> may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Applying this standard to the discovery requests in question, the Court finds that the Motion To Compel should be denied. Banking records are not particularly relevant to the issue of

damages or mitigation (income loss or gain), since there is no requirement that income be placed in a bank.  Tax returns and social security records -- which do bear directly on income -- have been produced.  Defendants do not, as they seem to fear, have to take those records "at face value," but the Court does not find it appropriate -- without some showing of a basis therefor -- to allow defendants to conduct an audit of plaintiff's finances.

In addition, while it is remotely possible that banking records might bear on mental anguish or a financial motive to file suit, that possibility is sufficiently remote in an employment discrimination case that, without a further showing of relevancy, it fails the "reasonably calculated" test of **Rule 26(b)**.  This is not like the fire loss cases to which defendants compare it, where financial information may suggest that a plaintiff had a financial motive to commit arson.  There is no suggestion that plaintiff had a financial motive to have herself subjected to discrimination.  Indeed, merely to state the proposition is to refute it.  Nor is there any suggestion that the case is like the gambling loss case cited by defendants, where the plaintiff's emotional distress might have been caused by huge gambling losses.  Should information develop during plaintiff's deposition that there is, in fact, some sort of financial sinkhole in her life that would cause emotional distress, defendants may renew their Motion To Compel on that basis.  But as the matter now stands, the motion

will be denied.

**IT IS THEREFORE ORDERED** that **Defendants' Motion To Compel** (document #9) is **denied.**

**IT IS SO ORDERED.**

                                                      /s/ Jimm Larry Hendren
                                              **JIMM LARRY HENDREN**
                                              **UNITED STATES DISTRICT JUDGE**